[Cite as *Turner v. Morgan*, 2023-Ohio-1387.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Walter Lee Turner, | : | |
| Plaintiff-Appellee, | : | No. 22AP-504 |
| | | (C.P.C. No. 20JU-2103) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Ariel C. Morgan, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on April 27, 2023

**On brief:** *Ariel C. Morgan*, pro se. **Argued:** *Ariel C. Morgan.*

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations and Juvenile Branch

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Ariel C. Morgan, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations and Juvenile Branch, approving a shared parenting plan submitted by plaintiff-appellee, Walter Lee Turner, concerning their child, G.T. For the following reasons, we reverse and remand.

**I. Facts and Procedural History**

{¶ 2} In February 2020, Turner filed a complaint for custody of G.T. On July 10, 2020, a trial court magistrate issued a temporary order naming Turner the residential parent and legal custodian of G.T. Eleven days later, Morgan filed a motion for change of parental rights and responsibilities. In August 2020, the magistrate issued a temporary order again naming Turner as G.T.'s legal custodian and granting Morgan parenting time pursuant to Loc.R. 22 of the Court of Common Pleas of Franklin County, Juvenile Branch. In October 2020, Turner requested the court enter a shared parenting order in accordance

with his proposed shared parenting plan. A hearing on the matter was repeatedly continued and ultimately held by the magistrate on February 28, 2022. Both parties appeared at the hearing, and they signed a memorandum of agreement indicating their mutual approval of Turner's proposed shared parenting plan, subject to certain modifications. The magistrate informed the parties that the matter would be dismissed unless a proposed entry journalizing the agreement was received by March 28, 2022.

{¶ 3} Because the trial court did not timely receive the proposed entry, the magistrate recommended dismissal of the matter. Shortly thereafter, Turner objected to the magistrate's decision and moved the court to enforce the parties' memorandum of agreement. The hearing on Turner's request was scheduled for July 26, 2022, but the record does not reflect that Morgan received notice of that hearing date. At the hearing on July 26, 2022, Turner appeared with counsel, and Morgan did not appear. Turner's counsel indicated that despite signing the memorandum of agreement, Morgan refused to sign the subsequently prepared shared parenting plan reflecting the terms of the memorandum of agreement. After the hearing, the trial court filed an entry sustaining Turner's objection and granting his motion to enforce the memorandum of agreement. Consequently, the trial court filed a Shared Parenting Decree, which incorporated the agreed shared parenting plan that Morgan had refused to sign.

{¶ 4} Morgan timely appeals.

## II. Assignment of Error

{¶ 5} Morgan assigns the following sole assignment of error for our review:

> The trial court erred and abused its discretion in failing to notify the Defendant-Appellant of hearing on 07/26/2022.

## III. Discussion

{¶ 6} In her sole assignment of error, Morgan, who has proceeded pro se in this matter, contends the trial court erred because she was not served with notice of the July 26, 2022 hearing. She asserts she was not provided an opportunity to explain her refusal to agree with, and therefore sign, the shared parenting plan submitted to the trial court for approval and filing. This assignment of error is well-taken.

{¶ 7} Due process of law is guaranteed by both the Fifth Amendment to the United States Constitution, as applicable to the states through the Fourteenth Amendment, and

Article I, Section 16 of the Ohio Constitution. But "[f]or all its consequence, 'due process' has never been, and perhaps can never be, precisely defined. * * * Rather, the phrase expresses the requirement of 'fundamental fairness,' a requirement whose meaning can be as opaque as its importance is lofty." *Lassiter v. Dept. of Social Servs. of Durham Cty., North Carolina*, 452 U.S. 18, 24-25 (1981). Although "due process" lacks a precise definition, courts have long held that due process requires both notice and an opportunity to be heard. *In re Thompkins*, 115 Ohio St.3d 409, 2007-Ohio-5238, ¶ 13. Consistent with these principles, Juv.R. 18(D) provides that "[a] written motion * * * and notice of hearing therefor, shall be served not later than seven days before the time specified for the hearing unless a different period is fixed by rule or order of the court."

{¶ 8}   Here, the record does not reflect that Morgan was served with notice of the July 26, 2022 hearing, and Turner does not contend otherwise, as he has not filed a responsive brief in this appeal. Thus, we find Morgan was not provided an opportunity, at that hearing, to appear and respond to Turner's request that the trial court approve and file the shared parenting plan that Morgan had refused to sign. The absence of the required notice violated Juv.R. 18(D) and Morgan's due process rights.

{¶ 9}   Accordingly, we sustain Morgan's sole assignment of error.

## IV. Disposition

{¶ 10} Having sustained Morgan's sole assignment of error, we reverse the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations and Juvenile Branch, and remand this matter to that court for further proceedings consistent with law and this decision.

*Judgment reversed;*
*cause remanded.*

DORRIAN and EDELSTEIN, JJ., concur.

————————————